IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICAELLA CLAY,

      **Plaintiff,**

   v.                                                           Civil Action 2:22-cv-2253
                                                                 Judge Edmund A. Sargus, Jr.
                                                                 Magistrate Judge Jolson

PNC BANK, NATIONAL ASSOCIATION,

      **Defendant.**

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on the October 11, 2022 Notation Order (Doc. 21) and Defendant's Motion to Stay Discovery (Doc. 22).  For the following reasons, the Motion to Stay Discovery is **GRANTED** and the Undersigned **RECOMMENDS** Plaintiff's case be **DISMISSED** for failure to prosecute under Rule 41.  Discovery shall be stayed until fourteen days after new counsel appears on Plaintiff's behalf or she notifies the Court that she intends to proceed *pro se*, or until the case is dismissed for want of prosecution.

**I.    BACKGROUND**

Plaintiff alleges she suffered employment discrimination in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Family & Medical Leave Act.  (*See generally* Doc. 1).  Plaintiff brought her claims before the Equal Employment Opportunity Commission and then, after receiving her Right to Sue letter, to this Court.  (*Id.*).

Shortly after the Scheduling Order was entered in the case (Doc. 17), Plaintiff ceased communicating with her counsel.  On August 26, 2022, counsel provided Plaintiff with discovery requests she needed to answer.  (Doc. 20, ¶ 3).  Despite weekly attempts by counsel to contact

Plaintiff by telephone and email, she never responded.  (*Id.*, ¶ 2).  This culminated in two warnings from counsel that failure to communicate would result in counsel's request to withdraw their representation.  (*Id.*, ¶¶ 2, 4).  On October 7, 2022, still without word from Plaintiff, her counsel did move to withdraw (*see id.*), and that motion was granted (Doc. 21).

At that time, Plaintiff was ordered to inform the Court, within twenty-one days, whether she intended to secure new representation or proceed with the case *pro se*.  (*Id.*).  She was warned that a failure to do so would result in a recommendation that the case be dismissed for want of prosecution.  (*Id.*).  To date, she has not done so.

In the interim, Defendant brought its Motion to Stay Discovery (Doc. 22), as their own deadlines for responding to written discovery requests were approaching.  The Court briefly considers the Motion to Stay Discovery, before turning to the recommendation that the case be dismissed for failure to prosecute.

## II.     MOTION TO STAY DISCOVERY

Defendant requests that the Court stay discovery until fourteen days after new counsel appears on Plaintiff's behalf or she notifies the Court that she intends to proceed *pro se*, or until the case is dismissed for want of prosecution. (Doc. 22).  "A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted).  At base, Defendant should not have to devote the time and expense to complying with its discovery obligations when it appears that Plaintiff has abandoned this action.  Accordingly, the Motion to Stay Discovery (Doc. 22) is **GRANTED**.  Discovery shall be stayed until fourteen days after new counsel appears on Plaintiff's behalf or she notifies the Court that she intends to proceed *pro se*, or until the case is dismissed for want of prosecution.

2

**III.    FAILURE TO PROSECUTE**

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders.  *See* Fed. R. Civ. P. 41(b); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363).  "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

On balance, the factors set forth in *Schafer* support dismissal.  First, despite being afforded numerous opportunities by her former counsel and by the Court to participate in the present litigation, Plaintiff has failed to do so.  Notably, Plaintiff has not responded to the Court's recent Order, despite its warning that a failure to respond would result in a recommendation that the case be dismissed.  (*See* Doc. 21).  Clearly, Plaintiff has "a reckless disregard for the effect of [her]

3

conduct on [the Court's] proceedings[,]" and thus acted with willfulness, bad faith, or fault. *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

Second, Defendant has suffered prejudice due to Plaintiff's delay. Significant here, Defendant has received no response regarding its discovery requests to Plaintiff. And, regarding its own obligation in discovery, Defendant has been left in the uncomfortable position of having to seek a stay of discovery or else comply with discovery obligations and suffer unnecessary expense. Further, Plaintiff was explicitly warned that her failure to comply with the Court's Order could lead to a recommendation that the case be dismissed. (Doc. 21). Finally, the Undersigned considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's continued failure to participate in these proceedings. *Grange Mut. Cas. Co. v, Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

In view of the foregoing, the Undersigned concludes Plaintiff has abandoned this action. Although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket [and] the interest in expeditious resolution of litigation . . ." outweigh allowing this case to linger. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

IV. **CONCLUSION**

For the foregoing reasons, the Motion to Stay Discovery (Doc. 22) is **GRANTED** and the Undersigned **RECOMMENDS** Plaintiff's case be **DISMISSED** for failure to prosecute pursuant to Rule 41. Discovery shall be stayed until fourteen days after new counsel appears on Plaintiff's behalf or she notifies the Court that she intends to proceed *pro se*, or until the case is dismissed for want of prosecution.

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made.  Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: November 14, 2022            /s/ Kimberly A. Jolson
                                   KIMBERLY A. JOLSON
                                   UNITED STATES MAGISTRATE JUDGE